IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IGLESIA DE DIOS PENTECOSTAL
MOVIMIENTO INTERNACIONAL INC.,

    Plaintiff,                                     Case No.: 6:18-cv-1345-Orl-40TBS

v.

EVANSTON INSURANCE COMPANY,

    Defendant.
_____/

## DEFENDANT EVANSTON INSURANCE COMPANY'S
## RESPONSE TO ORDER TO SHOW CAUSE (D.E. 6)

Defendant Evanston Insurance Company ("Evanston"), by and through its undersigned counsel, files this Response to the Court's Order to Show Cause stating states why the case should not be remanded to State Court and in support thereof states as follows:

1. In its Order to Show Cause, the Court questioned whether it has original jurisdiction pursuant to 28 U.S.C. § 1332, because the Notice of Removal did not allege the location of Plaintiff's principal place of business.

2. The Court should not remand this case for lack of jurisdiction because the parties are completely diverse and, as stated in the Notice of Removal, the amount in controversy exceeds $75,000.00 in accordance with section 1332 of Chapter 28 of the United States Code.

3. Pursuant to section 1332(c)(1) of Chapter 28, a corporation is a citizen of: (1) its state of incorporation; and (2) the state where it has its principal place of business. *See* 28 U.S.C. 1332(c)(1).

4. In support of its Notice of Removal (Doc. 1), Evanston attached an Affidavit. *See* Doc. 1-2. Paragraph 4 of the Affidavit speaks to Plaintiff's citizenship and states that "[a]ccording to the records maintained by the State of Florida, Plaintiff is incorporated under the laws of the state of Florida and its principal place of business is also located in Florida." Doc. 1-2, ¶4.

5. The records to which the undersigned refers in its Affidavit (D.E. 1-2) are the 2018 Florida Not for Profit Corporation Annual Report and the 2017 Florida Not for Profit Corporation Annual Report that Plaintiff filed with Florida's Secretary of State. *See* **Composite Exhibit A**. Both of these records state that Plaintiff is a Florida corporation and list the address of its principal place of business as 12621 Balcombe Rd., Orlando, Florida 32837. *See* **Composite Exhibit A**.

6. In its Complaint, Plaintiff alleged that it "was and is a resident of Miami-Dade County, Florida," Plaintiff's Complaint (Doc. 1-1), ¶3, and also that Plaintiff's "residence" is "located at 1122 KENTUCKY AVE, ST CLOUD, FL 347869." Plaintiff's Complaint (Doc. 1-1), ¶ 4.

7. Therefore, Plaintiff is a citizen of the state of Florida within its state of incorporation and principal place of business in Florida, Evanston is a citizen of the state of Illinois with its state of incorporation and principal place of business in Illinois, and, thus, complete diversity exists between the parties.

8. Accordingly, since Evanston has sufficiently demonstrated that complete diversity exists between the parties and the requirements of 28 U.S.C. § 1332 are satisfied, this Court should retain jurisdiction of the captioned action.

**WHEREFORE**, EVANSTON INSURANCE COMPANY requests that this Court retain jurisdiction of this action, and for such other and further relief as this Court deems appropriate.

BUTLER WEIHMULLER KATZ CRAIG LLP


_____
WILLIAM R. LEWIS, ESQ.
Florida Bar No.: 0879827
wlewis@butler.legal
JANICE C. BUCHMAN, ESQ.
Florida Bar No.: 0796610
jbuchman@butler.legal
Secondary: hkerr@butler.legal
ehorton@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Attorneys for Defendant, Evanston Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Jesus David Moises, Esq.
Moises, Teplitsky, & Gross PLLC
999 Ponce de Leon Blvd., Suite 945
Coral Gables, FL 33134
jdmoises@mtgfllaw.com
dgross@mtgfllaw.com
service@mtgfllaw.com
*Attorneys for Plaintiff*

_____
JANICE C. BUCHMAN, ESQ.